Per Curiam.

Appellant was charged with a violation of section 1308 of the Penal Law (criminally receiving stolen property). The testimony of a detective was that a burglary took place on December 24, 1964, at which time a lady’s watch was stolen. This watch was pawned by the appellant on September 16, 1965 (over nine months after the alleged burglary).
The court below was apparently of the view that some burden rested upon the appellant in this case to take the stand and explain the possession of the items. However, the inference of guilty possession is only created upon proof of recent possession of stolen goods and it is only then that the defendant has a burden to make some explanation (People v. Galbo, 218 N. Y. 283, 290; People v. Conroy, 97 N. Y. 62).
The People failed to prove appellant’s guilt beyond a reasonable doubt. The passage of nine months from the time the watch was taken to the date appellant pawned same, along with the reasonable explanation of her possession, as related by- the detective, and which explanation incidentally was not contradicted, removes the burden of going forth with any explanation of the possession.
*647 The judgment of conviction should he reversed on the law and the facts and the information dismissed.
Concur — Streit, J. P., Gold and Hofstadter, JJ.
Judgment reversed, etc.