STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v
JOSE MANUEL SERRANO, DEFENDANT-APPELLANT.

Argued December 2 and 5, 1968—Decided March 4, 1969.

*Mr. Carl R. Soller,* Assistant Deputy Public Defender argued the cause for appellant (*Mr. Peter Murray,* Public Defender; *Mr. Richard Newman,* Deputy Public Defender, of counsel).

*Mr. John D. Grossi,* Assistant Prosecutor of Hudson County, argued the cause for respondent (*Mr. James A. Tumulty, Jr.,* Prosecutor of Hudson County, attorney).

The opinion of the court was delivered

PER CURIAM. Defendants Jose Serrano and Rafael Cesareo were charged by indictment under *N. J. S.* 2*A* :139–1 with unlawfully receiving a stolen motor vehicle knowing it to have been stolen. Both were convicted. Serrano appealed and we certified the appeal on our own motion before it was heard in the Appellate Division.

Prior to trial Serrano moved to dismiss the indictment on the ground that the offense of receiving a stolen automobile is indictable only under *N. J. S.* 2*A* :139–3 which specifically prohibits it, and not under *N. J. S.* 2*A* :139–1, the general receiving stolen goods statute. The motion was denied, and the denial is one of the grounds of appeal raised before us. For reasons set out in *State v. Bott,* 53 *N. J.* 391 (1969) decided today, the indictment should have been amended as authorized by *R. R.* 3 :4–3 (*a*) to substitute *N. J. S.* 2*A* :139–3 for *N. J. S.* 2*A* :139–1 as the statute allegedly violated. As in *Bott* an application to amend probably was not made on argument of the motion because the Prosecutor's position was sustained.

Even if the crime of knowingly receiving a stolen automobile could be prosecuted under *N. J. S.* 2*A* :139–1, our examination of the record reveals that the evidence was insufficient to establish a jury question as to the guilt of this defendant.

On January 19, 1967 around 7 :30 A. M., Albert Montonile reported to the Hoboken police that his 1964 Chevrolet had been stolen. At about 1 :15 A. M. on January 20, Detective Ferrante of that City while on duty in civilian clothes was cruising in an unmarked car. He observed the stolen automobile and set out after it. The car speeded up as Ferrante followed it. In the course of the chase the vehicles passed a parked police car and Ferrante fired a shot to

attract the attention of the officers in charge of that car. After a high-speed chase over somewhat icy streets, the pursued car drove into a dead end street. Two men got out as the car slowly rolled to a stop against a fence. Ferrante said he alighted from his vehicle with his gun drawn and called, "Police, stay where you are." The driver, later identified as Cesareo, raised his hands. After a mementary pause, the passenger, identified as Serrano, jumped over the fence and ran. In spite of a warning shot, Serrano continued to run until Ferrante caught him. Cesareo, who fled in the opposite direction, escaped.

Ferrante, and Officer O'Brien who appeared on the scene in a radio car, took Serrano and the stolen car to police headquarters. Both officers testified that Serrano told them the driver of the car in which he was a passenger had picked him up at the corner of Second and Bloomfield Avenues in Hoboken. According to Ferrante, Serrano cooperated with the police by giving the name and address of Cesareo, who was then arrested.

This being the extent of the evidence against Serrano, he rested at the close of the State's case and moved for a judgment of acquittal on the ground that the proof was insufficient to create a factual issue for jury determination as to his guilt of receiving a stolen automobile knowing it to have been stolen. Cesareo joined in the motion. The trial judge overruled it. He took the view that since the indictment was properly brought under *N. J. S.* 2A:139–1, the State's evidence created a presumption that Serrano, though a passenger and not the driver of the stolen car, was in possession of it knowing that it had been stolen. He said the proof that the car was stolen and that the defendant was in possession of it within one year from the date of the theft was sufficient under the specific language of the statute to authorize the jury to convict Serrano unless he showed to the satisfaction of the jury that he came into possession under one of the five exculpatory situations described in the statute In refusing to acquit, the trial judge

made no distinction between Cesareo, the driver, and Serrano, the undisputed passenger, on the issue of possession of the stolen car and the inference or presumption to be drawn from possession. This was error.

In charging the jury the court read the entire *N. J. S.* 2A:139–1 so that they would have a "knowledge and an understanding of the law of the offense in this case." In doing so he advised them that proof of possession of a stolen motor vehicle within a year from the date of the theft was adequate to authorize conviction of the defendants unless they proved to the jury's satisfaction that their possession arose under one of the five described examples of innocent acquisition. After reading the statute the court told the jury that the State had the burden of proving (1) that the car had been stolen, (2) that the defendants received the car and (3) that they knew the car had been stolen. But no indication was given that in deciding guilt or innocence the jury could look beyond the five examples of innocence set out in the statute. *N. J. S.* 2A:139–1. For example, there was no discussion of what constituted possession of the car, no reference to whether under the evidence the jury could find possssion in anyone other than the driver, and no instruction that they should acquit Serrano if they found his status in the car was *only* that of a passenger who was picked up by the driver Cesareo at the intersection described in the testimony. In effect, the court advised the jury that they could find that Serrano was in possession of the stolen vehicle within the contemplation of the statute simply because he was riding in it as a passenger. At the close of the charge Serrano renewed his objection to the pertinency of *N. J. S.* 2A:139–1 and to the propriety of charging the statutory presumption thereunder against him.

■ Assuming the prosecution could be proper under *N. J. S.* 2A:139–1, in our view the motion for judgment of acquittal should have been granted. The evidence was not sufficient to show possession of the stolen car by Serrano. Thus no inference arose that he had received it knowing it

to have been stolen. The fact that he fled from the scene where Detective Ferrante had caused Cesareo to stop the car might justify an inference that he knew or suspected the car was stolen, but since under the undisputed facts he was not in possession of it, an inference cannot be drawn that he was guilty of *receiving* it knowing it to have been stolen.

■ Accordingly the record is remanded to the County Court for proceedings consistent herewith. If the Prosecutor has any further evidence of defendant's guilt beyond that presented at the original trial, he may so advise the court, at which time the indictment shall be amended to substitute *N. J. S. 2A*:139–3 for *N. J. S. 2A*:139–1 as the statute allegedly violated, and the case shall then be set down for retrial. If no additional inculpatory evidence is available the indictment shall be dismissed.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.