105 N.J. Super. 234 (1969)
251 A.2d 766
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK E. WHITE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1969.
Decided April 1, 1969.
*235 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Michael Blacker, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
*236 Mr. Elliot L. Katz, Assistant County Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, County Prosecutor of Monmouth County, attorney).
The opinion of the court was delivered by LEWIS, J.A.D.
Defendant appeals from a judgment of conviction following a trial by jury on an indictment charging him with impairing the morals of a child in violation of N.J.S. 2A:96-3. The trial court imposed a sentence to the Monmouth County jail for a period of one year on each of two counts, to run concurrently, which sentence was suspended and defendant placed on probation. Defendant was also fined $200 and costs.
There were two victims, R and N, girls, respectively aged 9 and 10. The evidence reveals that defendant, 54 years of age, induced these minors to submit to the exposure of colored, large-sized calendar photographs of nude men and women in various postures.
It is urged on appeal that (1) the indictment was fatally defective in that the offense alleged could not be prosecuted under the general provision of N.J.S. 2A:96-3 (debauching or impairing morals of a child under 16  a misdemeanor), but could be prosecuted only under N.J.S. 2A:115-3.2 (uttering or exposing obscene publications to children under 18  a high misdemeanor), and (2) it was plain error for the trial court to admit the exhibits into evidence since they were obtained as the result of an illegal search of defendant's home.
As this court stated in discussing N.J.S. 2A:96-3, the statute "is for the protection of children under 16." State v. Raymond, 74 N.J. Super. 434, 438 (App. Div. 1962), appeal dismissed 39 N.J. 241 (1963). When compared with N.J.S. 2A:115-3.2, it appears plain that the respective statutes deal with separate and distinct crimes and the defendant could have been indicted under either. The nature and character of the proofs to sustain conviction are not the same; neither are the penalties. It is *237 fair and reasonable to assume that the Legislature intended to provide for a contingency that the State's proofs might not be sufficient to convict under N.J.S. 2A:115-3.2 but would be adequate to support a conviction under N.J.S. 2A:96-3. State v. Bott, 53 N.J. 391 (1969), and State v. Serrano, 53 N.J. 356 (1969), are plainly distinguishable.
We need not, for purposes of this opinion, consider whether the photographs in question were obscene per se within the meaning of cases such as Sunshine Book Company v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (1958). We are satisfied from an examination of the exhibits ("Nudism Today  Large Full Sized Photographs") that the actions of defendant and the methods employed by him to induce the minor girls to become exposed to them had the potential effect of debauching the children or impairing their morals, within the meaning and contemplation of the statute under which defendant was indicted, tried and convicted.
It is urged that the statute (N.J.S. 2A:96-3) contemplates some physical contact or physical abuse. We disagree. The mere fact that most cases decided under the statute involve physical contact does not compel a reading into the legislation of such a condition which the Legislature did not see fit to include.
Defendant's last point is without merit. There was no pretrial motion to suppress the evidence. R.R. 3:2A-6(a). The evidence demonstrates that there was a voluntary and intelligent consent to the search of defendant's home and that he waived his right to object to the search. Indeed, at trial the court inquired of counsel, "What I am talking about now is, whether or not if you have any objection to the search," to which counsel replied, "No, I don't. No, I don't."
Judgment affirmed.