CARROLL, Judge.
The appellant was informed against, tried without a jury and found and adjudged guilty of the charge of knowingly buying, receiving or aiding in the concealment of certain stolen property well knowing the same to have been stolen. On appeal therefrom appellant contends the trial court committed error by denying her motion for acquittal at the close of the presentation of evidence by the state, on the asserted ground that the evidence presented was insufficient to establish a prima fa-cie case. We find merit in that contention, and reverse.
The property in question was a revolver. It was found by the police in the apartment of the defendant, in a dresser drawer, wrapped in some lingerie. The police had appeared at her apartment with a search warrant that had been issued with reference to a matter or matters unrelated to the gun. The defendant was then arrested on three other charges, and the discovery of the gun upon the search of her apartment formed the basis for the subsequent charge upon which she was convicted as above stated. When questioned at the time the gun was found, the defendant admitted ownership thereof, and when asked where she had obtained it, stated she had received it as a gift. In answer to a question as to who had given her the gun, she stated she had forgotten.
The owner testified the gun had disappeared from his store, and that he had reported it as stolen. At the trial in June of 1971, his testimony as to the time the gun was stolen was: “Last year.”
The determinative question on the appeal is whether the evidence presented by the state was sufficient to establish proof of the essential element of the offense of knowledge of the defendant that the gun was stolen property. As stated in Hart v. State, 92 Fla. 809, 110 So. 253, “A necessary ingredient of the offense of receiving stolen property knowing it to have been stolen is knowledge on the receiver’s part *302 at the time he receives the thing stolen that the property was stolen, or of such fact as would put a man of ordinary intelligence and caution on inquiry.” See State v. Graham, Fla.1970, 238 So.2d 618, 620.
There was no direct evidence that the defendant received the property with knowledge that it was stolen, nor did the state present any evidence of circumstances relating to its acquisition such as could have been considered sufficient to put a person of ordinary intelligence and caution on inquiry.
The state argues, however, that guilt should be presumed because the gun found in the possession of the defendant was recently stolen property, and because the gun had been “concealed” in a dresser drawer in her apartment.
When a person is charged with buying or receiving stolen property, his unexplained possession of recently stolen goods is a circumstance “which may be considered as showing a tendency toward guilt.” King v. State, 156 Fla. 817, 24 So.2d 573; Hayward v. State, 152 Fla. 608, 12 So.2d 458; Fisk v. State, 138 Fla. 815, 190 So. 10; Taylor v. State, Fla.App.1970, 241 So.2d 426, 427. However, the evidence relied on in this case to show that the gun was recently stolen property was indefinite. From the statement of the owner that the gun was stolen “last year,” it could have been stolen any time up to ten months prior to the time the gun was found in the defendant’s possession in November of 1970.
Whether or not stolen property found in the possession of a person will be regarded as “recently stolen property” in the context under discussion when it is shown to have been stolen a considerable period earlier, such as several months, or from six months to a year earlier, may depend on the nature of the property, the facility of its handling and transfer and other factors. See Burroughs v. State, Fla.App.1969, 221 So.2d 159, 161. For example, the doctrine as to possession of recently stolen property can be invoked when a longer period between the time of its theft and its discovery is involved where the item is an automobile which presents difficulty and legal complications for its sale or transfer, than would be applied to an item such as a “two dollar pistol”, which can be passed from hand to hand almost as readily as a pack of cigarettes. In the instant case it does not appear to have been established that the gun in question was recently stolen property.
Moreoyer, even if the item should be considered to be recently stolen property, the possession thereof by the defendant was not unexplained. Nor was her explanation so unreasonable or improbable as to be wholly wanting in credibility or probative force. Concealment of the gun by the defendant in a dresser drawer was not sufficient to establish knowledge that it was stolen property. At most it could prompt an assumption that the gun was put there because it was known to have been stolen. However, it could as readily be assumed such action by the defendant owner of the gun was taken to safeguard it from loss or as a safety precaution, with no knowledge that it was stolen property.
With the evidence inconclusive as to the element of knowledge that the gun was stolen property, and the question of the guilt of the accused thus placed in substantial doubt upon the evidence presented by the state, the defendant’s motion for a directed verdict of acquittal at the close of the state’s case should have been granted. Fisk v. State, supra; State v. Graham, supra.
The judgment is reversed, and the cause is remanded with direction to discharge the defendant from the crime charged in this case.