## STATE OF NEW JERSEY IN THE INTEREST OF L. L. A., A JUVENILE.

Juvenile and Domestic Relations Court
Passaic County

February 21, 1980.

556

*Laura B. Locklin*, Special Deputy Attorney General, for the State (*Joseph A. Falcone*, Special Deputy Attorney General in Charge—Acting Passaic County Prosecutor).

*Dennis W. Blake* for the juvenile L. L. A. (*Friedland & Rudolph*, attorneys).

ROMEI, J. J. D. R. C.

L.L.A., a juvenile, is charged with juvenile delinquency predicated upon the alleged unlawful possession of a stolen 1979 Honda motorbike, in violation of *N.J.S.A.* 2A:170–41.1.[1]

---

[1]Buying or receiving stolen property valued under $200.

██ The trial commenced after September 1, 1979. Evidence was adduced by the State which tended to establish that the motorbike was stolen on April 17, 1979 and that the juvenile was in possession of the motor attached to the bike within two days. No testimony was produced relative to knowledge. Instead, the prosecutor relied upon the statutory presumption set forth in *N.J.S.A.* 2A:170–41.1 which provides:

Possession of such property within 1 year from the date of such stealing, robbery or unlawful or fraudulent obtaining, shall be deemed sufficient evidence to authorize conviction, unless the accused show to the satisfaction of the jury .... [emphasis added]

either that he received the property as a gift; that he paid the fair and reasonable value; that reasonable inquiries were made to determine that the seller was in an established business; that simultaneously with or before the receipt or sale the transaction was reported to the police or that the police approved receipt or purchase of the property from a minor. Nonetheless, a defendant is not limited to the statutory defenses. He may, in fact, assert any defense. *State v. Di Rienzo*, 53 *N.J.* 360, 380 (1969); *State v. Laster*, 69 *N.J.Super.* 504, 510 (App.Div.1961).

Counsel for the juvenile moved for the entry of a judgment of acquittal pursuant to *R.* 3:18–1. He readily conceded for the purposes of the motion that sufficient evidence had been adduced to establish that the motorbike had been stolen and that the juvenile was found in possession of the motor bike. I find that two elements of the offense, namely, theft and possession, were established in accordance with the applicable standards governing such a motion as set forth in *State v. Reyes*, 50 *N.J.* 454, 458–459 (1967). Defense counsel contended that the motion for judgment of acquittal must be granted since the statutory presumption relative to knowledge is a procedural rule of evidence which has been superseded by the provisions of the new Code of Criminal Justice. The State, in turn, argued that the presumption "should be deemed part of the substantive criminal law" and not "procedural"; the "procedural" provisions of the Code are "not required to be applied to pending matters" and, alternatively, "the common law presumption [inference] of

guilty knowledge arising from recent and unexplained possession" should be applied to the factual situation in this case.

The questions posed are whether the statutory presumption relative to knowledge that the goods are stolen is procedural; and, if so, must a judgment of acquittal be granted in a case involving the receipt of stolen property commenced after September 1, 1979 when the State relies on the presumption to establish a *prima facie* case?

■ The crime of buying or receiving stolen property requires proof of three elements to establish guilt: (1) the property was stolen, (2) the accused received it and (3) at the time he received it he knew it was stolen. *State v. Laster, supra; State v. Kimbrough*, 109 *N.J.Super.* 57 (App.Div.1970).

*N.J.S.A.* 2A:170-41.1 and *N.J.S.A.* 2A:139-1 (applicable to buying or receiving stolen property valued in excess of $200) both contain the statutory presumption above set forth which permits the jury to infer guilty knowledge from the mere fact of possession. This statutory presumption was first enacted in *L.* 1928, *c.* 187 (*R.S.* 2:141-1), the predecessor statute to *N.J.S.A.* 2A:139-1. It eliminated "the necessity of showing guilty knowledge by direct proof and in its place substitutes proof of possession from which guilty knowledge may be inferred." *State v. Laster, supra*, 69 *N.J.Super.* at 507.

■ That the statutory presumption is an evidentiary rule is well settled. Our Supreme Court in *State v. Di Rienzo, supra*, explained the function of this statutory evidentiary rule as follows:

> ... Use of the inference is a factually sound and necessary *evidentiary rule.* In order to prove a state of mind, the defendant's thought processes cannot be laid bare; inevitably, the jury will have to glean conclusions from the surrounding circumstances. Without the inference it would be difficult, if not impossible, to convict knowing possessors or fences of stolen goods absent an admission of guilty knowledge, an event not likely to occur. [53 *N.J.* at 374, emphasis supplied]

The statutory presumption does not shift the burden of proof. It "is *merely an evidentiary rule* whereby the accused must go

forward with an explanation to rebut the permissive presumption." *State v. Laster, supra,* 69 *N.J.Super.* at 508 (citation omitted; emphasis supplied). Accordingly, this statutory rule of evidence must be deemed procedural.

The New Jersey Code of Criminal Justice became effective on September 1, 1979. *N.J.S.A.* 2C:1-1(c) provides:

In *any case pending* or initiated after the effective date of the code involving an offense committed prior to such date:

(1) The procedural provisions of the Code shall govern, insofar as they are justly applicable and their application does not introduce confusion or delay . . . . [Emphasis supplied]

In *State v. Molnar,* 81 *N.J.* 475, 488–492 (1979), one of the questions presented to the Supreme Court was whether the provisions of the Code dealing with the issue of the burden of proof concerning amnesia were applicable to a case concluded before the Code took effect. Justice Pashman, speaking for the Court, determined that even though the issue of burden of proof was procedural, the application of the provision of the Code to this case would "introduce . . . delay," contrary to the legislative mandate. Further, the Supreme Court was of the opinion that there was "nothing fundamentally unfair" since the case had been tried in accordance with the law "then prevailing."

■ *N.J.S.A.* 2C:20–7, the receiving stolen property statute applicable to such crimes after the effective date of the Code, no longer permits the State to rely upon the mere showing of possession of stolen goods up to one year from the date of theft.

Now the presumption provides:

.　　.　　.　　.　　.　　.　　.　　.

b. *Presumption of knowledge.* The requisite knowledge or belief is presumed in the case of a person who:

(1) Is found in possession or control *of two or more items of property stolen on two or more separate occasions* ; or

(2) Has received stolen property *in another transaction within the year preceding the transaction charged* ; . . . . [emphasis supplied]

The presumptions relative to knowledge or belief contained in the Code are "much more limited" than the former statutory

presumption. 2 New Jersey Penal Code (1971), Commentary, § 2C:20–7 at 233. The legislative intent is clear. Mere possession of stolen goods up to a year after the theft does not now justify an inference of guilty knowledge under the provisions of the Code.

■ Are the new procedural presumptions of the Code, therefore, applicable to this case? I believe so.

This trial commenced after the effective date of the Code. Consequently, the application of the procedural provisions thereof do not "introduce confusion or delay." They are also "justly applicable" since our Legislature has determined as a matter of public policy that the prior statutory presumption should be changed. If a juvenile were to be charged with the identical offense L.L.A. has been charged with, after September 1, 1979, the State could not rely upon the statutory presumption to establish a prima facie case. Fundamental fairness dictates that the State not rely upon the presumption because of the legislative policy change. The procedural provisions of the Code are, therefore, applicable to this proceeding. Must the motion for judgment of acquittal then be granted? I think not for the reasons which follow.

The common law rule that "the unexplained possession of recently stolen property gives rise to an inference or presumption that the possessor either participated in the theft or received the property with knowledge that it was stolen" is firmly established. Annotation "What Constitutes "Recently" Stolen Property Within Rule Inferring Guilt From Unexplained Possession of Such Property," 89 *A.L.R.3d* 1202.

The United States Supreme Court considered the history of the rule in upholding the constitutionality thereof in *Barnes v. United States*, 412 *U.S.* 837, 93 *S.Ct.* 2357, 37 *L.Ed.* 380 (1973). Specifically, the court declared:

> In the present case, we deal with a traditional common-law inference deeply rooted in our law. For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of

stolen goods. James Thayer, writing on his Preliminary Treatise on Evidence (1898) cited this inference as the descendent of a presumption "running through a dozen centuries." [at 843; 93 *S.Ct.* at 2362]

In *State v. Todoro*, 131 *N.J.L.* 430 (E. & A.1944), app. dism. 323 *U.S.* 667, 65 *S.Ct.* 73, 89 *L.Ed.* 542 (1944), our then highest court, in reviewing the constitutionality of the statutory presumption, declared that the presumption enlarged the common law rule "that when the *corpus delecti* has been proved, if the stolen goods are shown to have been in the possession of the defendant after, or recently after the theft, the burden of proof reverts to the defendant to explain possession. . . ."

Our present Supreme Court has stated that

It has long been held that in the absence of a statutory presumption such as ours that possession of recently stolen property permits an inference that the possessor knew that the property had been stolen, unless the possession is satisfactorily accounted for. . . . [*State v. Di Rienzo, supra*, 53 *N.J.* at 374, citations omitted]

The rule has heretofore been applied in New Jersey to the buying or receiving of a stolen automobile even in the absence of a statutory presumption, *State v. Bott*, 53 *N.J.* 391 (1969), and to larceny, *State v. Dancyger*, 29 *N.J.* 76 (1959). Further,

. . . [the] drawing of inferences from proven facts is the traditional function of courts. Legislation authorizing certain presumptions may be helpful procedurally in some situations, superfluous or unnecessary in others. . . . [*State v. Bott, supra* 53 *N.J.* at 401]

It is therefore clear that the Legislature intentionally did not incorporate the prior statutory presumption in the new receiving stolen property statute for the purpose of restricting the inference which heretofore could be drawn from the unexplained possession of stolen goods up to a period of one year. The repeal of the presumption does not affect the common law rule since the prior statutory enactment merely enlarged the common law rule. Further, the Legislature was surely aware of the common law rule applicable to the possession of stolen goods shortly after a theft which permits an inference that the possessor is a thief. In any event, our Supreme Court has recognized the rule even in the absence of a statute.

■ The court therefore concludes that under the present receiving stolen property statute, *N.J.S.A.* 2C:20–7, the unexplained possession of *recently* stolen property gives rise to an inference that the possessor received the property with knowledge that it was stolen.

■ In the application of the rule it is necessary to establish that the property was "recently" stolen. The purpose is "to increase the probability that the person found in possession of stolen property is in fact the thief or aware that the property was stolen." "Recency" is a relative term which depends "upon all the facts and circumstances of each case and must be left for determination of the trier of fact." 89 *A.L.R.3d*, *supra* at 1207. And, the nature of the property stolen is a pertinent element. "Recency" depends also on whether the goods are readily transferable, light or heavy, or easy or hard to identify. *State v. Brightman*, 252 *Iowa* 1278, 110 *N.W.2d* 315 (Sup.Ct.1961). The inference of guilt may survive longer if the item involved is an automobile, which presents difficulty in its transfer, than would be in the case of an item such as a pistol, which can be passed readily. *Robinson v. State*, 257 *So.2d* 300 (Fla.App.1972). The following lapses of time have been held sufficiently short, *e. g.*, possession of woman's coat within days after theft, *Butz v. State*, 221 *Md.* 68, 156 *A.2d* 423 (Ct.App.1959); possession of two electric typewriters within one day of theft, *People v. Tribett*, 54 *Ill.App.3d* 777, 12 *Ill.Dec.* 492, 370 *N.E.2d* 115 (1977); possession of stolen movie projector within three days after theft, *State v. Foster*, 202 Kan. 259, 447 *P.2d* 405 (Sup.Ct.1968); possession of Indian jewelry one month after theft, *United States v. Wilson*, 523 *F.2d* 828 (8 Cir. 1975), *cert.* den. 434 *U.S.* 849, 98 *S.Ct.* 158, 54 *L.Ed.* 117, 158 (1977). The following lapses of time have been held to be too long, *e. g.*, passage of nine months from date of theft to date watch pawned, *People v. Munoz*, 279 *N.Y.S.2d* 592 (Sup.Ct.1967); possession of gun ten months after theft, *Robinson v. State*, 257 *So.2d* 300 (Fla.App.1972); possession of tape player and tapes 14 months after theft, *State v. Bamberger*, 210 *Kan.* 508, 502 *P.2d* 760 (Sup.Ct.1972); possession of bike eight

months after theft, *State v. Cameron*, 223 *N.C.* 449, 27 *S.E.*2d 81 (Sup.Ct.1943), and possession of a coin 203 days after theft, *State v. McRae*, 120 *N.C.* 608, 27 *S.E.* 78 (Sup.Ct.1897).

■ In our case the juvenile was found in possession of the motor from the stolen motorbike within two days after the theft. The probability is that the juvenile was therefore aware that the property was stolen. The unexplained possession of the recently stolen property under the facts of this case thus permits the trier of the facts to draw an inference that the juvenile received the motor with knowledge that it was stolen. It must be remembered this inference is merely permissive. The burden remains upon the State to prove every element of the crime beyond a reasonable doubt.

The State has adduced sufficient evidence from which knowledge can be inferred. The motion for judgment of acquittal is therefore denied.