STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. KEVIN ALEXANDER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 14, 1987—Decided March 5, 1987.

524

Before Judges DREIER, SHEBELL, and STERN.

*Alfred A. Slocum*, Public Defender, attorney for appellant (*Marcia R. Steinbock*, designated counsel and on the brief).

*W. Cary Edwards*, Attorney General, attorney for respondent (*Chana Barron*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

Defendant and Charles Givens, Jr. were charged with theft of movable property, an automobile, contrary to *N.J.S.A.* 2C:20–3; receiving stolen property, the same automobile, contrary to *N.J.S.A.* 2C:20–7, and volunteering false information to a law enforcement officer with the purpose of hindering their own apprehension, contrary to *N.J.S.A.* 2C:29–3 b(4).

Defendant was tried by jury, and acquitted of the theft but convicted on the remaining counts.

He was sentenced to two concurrent indeterminate terms at the Youth Correctional Institution Complex to be served concurrently with a sentence he was presently serving for violation of parole. The sentencing judge also imposed a Violent Crimes Compensation Board penalty of $25 on each count.

On this appeal defendant attacks his convictions on eight grounds. His main point headings are the following:

POINT I   THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE DENIED DEFENDANT'S MOTION FOR ACQUITTAL BECAUSE DEFENDANT DID NOT KNOWINGLY RECEIVE STOLEN PROPERTY WITHIN THE MEANING OF *N.J.S.A.* 2C:20–6 et seq

POINT II   THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE DENIED DEFENDANT'S MOTION FOR ACQUITTAL BECAUSE DEFENDANT DID NOT VOLUNTEER INFORMATION TO A LAW ENFORCEMENT OFFICER WITHIN THE MEANING OF *N.J.S.A.* 2C:29–3(b)(4)

POINT III   THE TRIAL COURT CONVICTION MUST BE REVERSED BECAUSE THERE WAS NO REASONABLE SUSPICION TO STOP THE CAR IN WHICH DEFENDANT WAS A PASSENGER (Not Raised Below)

POINT IV   THE TRIAL COURT CONVICTION MUST BE REVERSED BECAUSE THERE WAS NO PROBABLE CAUSE TO ARREST DEFENDANT FOR THEFT OF MOVABLE PROPERTY (Not Raised Below)

POINT V   DODD'S STATEMENT WAS INADMISSIBLE PURSUANT TO EVIDENCE RULE 65 BECAUSE IT CONTAINED A HEARSAY STATEMENT OF CHARLES GIVENS THAT INCULPATED THE DEFENDANT AND DEPRIVED DEFENDANT OF HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL (Not Raised Below)

POINT VI   THE TRIAL COURT CONVICTION MUST BE REVERSED BECAUSE DEFENSE COUNSEL COMMITTED PLAIN ERROR (Not Raised Below)

POINT VII   THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE DENIED DEFENSE COUNSEL'S MOTION TO CHARGE THE JURY WITH THE LESSER INCLUDED OFFENSE OF JOYRIDING *N.J. S.A.* 2C:20–10(b)

POINT VIII   THE TRIAL COURT CONVICTION MUST BE REVERSED BECAUSE DEFENSE COUNSEL'S DEFICIENT PERFORMANCE PREJUDICED THE DEFENSE AND DEPRIVED DEFENDANT OF A FAIR TRIAL

A.

In a published opinion, 198 *N.J.Super.* 594, the trial judge amplified his reasons for denying a motion for judgment of acquittal on the charge of volunteering false information to a

law enforcement officer. Subsequently, that opinion was over-ruled in *State v. Valentin*, 208 *N.J.Super.* 536 (App.Div.1986), aff'd 105 *N.J.* 14 (1987). Based upon *State v. Valentin*, we adopt the arguments advanced by defendant in Point II of his brief. Accordingly, the judgment of conviction for volunteering false information to a law enforcement officer must be vacated.[1]

### B.

We summarily reject the arguments advanced by defendant in Points III, IV, V, VI and VIII. *See R.* 2:11–3(e)(2). We note only that Officer Dodd's testimony concerning Givens' statement that he stole the car was admitted to indicate why the officer acted as he did, not for its truth. Further, when Officer Dodd gave this testimony, the trial judge instructed the jury that "any statement made by Mr. Givens as to his criminality [with] regard to the theft of the car is not binding upon Mr. Alexander." Defense counsel did not object to the admission of the statement on direct examination because he felt it admissible under *Evid.R.* 63(10) and indicated that he felt the subject could be developed on cross-examination. There was a reason for the strategy of defense counsel. It was at least arguable that Givens' incriminatory statement would be understood to exculpate defendant. Moreover, on cross examination defense counsel developed the subject of Givens' admission that he "stole" the car substantively, without limiting instructions.

In addition it is significant to note that the issue was originally raised on the State's motion *in limine* to preclude cross-examination on the subject. When defense counsel prevailed, the

---

[1]Defendant, like Valentin, was indicted under *N.J.S.A.* 2C:29–3 b(4) dealing with purpose to hinder defendant's own apprehension or prosecution. We are not concerned here with defendant's "volunteering" of information concerning Givens or an indictment under *N.J.S.A.* 2C:29–3 a(7).

prosecutor elicited the challenged testimony during direct. In light of the understandable strategy of defense counsel on this subject defendant cannot now complain on appeal. *See State v. Harper,* 128 *N.J.Super.* 270, 277 (App.Div.1974), certif. den. 65 *N.J.* 574 (1974). *See also State v. Fritz,* 105 *N.J.* 42 (1987).

## C.

Defendant argues that he was entitled to a judgment of acquittal on the receiving charge. *N.J.S.A.* 2C:20–7 a provides that a "person is guilty of theft if he knowingly receives or brings into this State movable property of another knowing that it has been stolen, or believing that it is probably stolen." "Receiving" is defined as "acquiring possession, control or title, or lending on the security of the property." *N.J.S.A.* 2C:20–7 a. *See also N.J.S.A.* 2C:2–1 a.

Defendant, relying on *State v. Serrano,* 53 *N.J.* 356 (1969) and *State v. Kimbrough,* 109 *N.J.Super.* 57 (App.Div.1970), maintains that his status as a passenger did not provide a basis for finding him in possession of the car. In *Serrano, supra,* the police stopped the stolen car in which defendant was riding as a passenger after a high-speed chase. Two officers testified that after he was apprehended, defendant, who had run from the scene, told them that the driver, Cesareo, had picked him up at a particular corner. The Court held that such evidence was insufficient to establish defendant's possession and that defendant's motion for judgment of acquittal should have been granted. 53 *N.J.* at 359–360. The Court reasoned,

> The fact that he fled from the scene where Detective Ferrante had caused Cesareo to stop the car might justify an inference that he knew or suspected the car was stolen, but since under the undisputed facts he was not in possession of it, an inference cannot be drawn that he was guilty of *receiving* it knowing it to have been stolen. [*Id.* at 360 (emphasis in original)].

In denying defendant's motion for judgment of acquittal in this case, the trial judge distinguished *Serrano, supra,* on the

ground that here it could not be said that there were undisputed facts suggesting defendant's lack of possession. He concluded that proof of theft, "the presence of defendant Alexander in the vehicle within 6 hours after its theft, [and] the proximity in which Alexander lives to the place of the theft ... coupled with the false information given by defendant" constituted sufficient evidence to submit the theft and receiving counts to the jury.

The test of the sufficiency of the evidence, both at trial and on appeal, is

> whether, viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt. [*State v. Martinez*, 97 *N.J.* 567, 571–572 (1984), quoting *State v. Reyes*, 50 *N.J.* 454, 459 (1967)].

Given this test we find sufficient evidence to sustain the conviction. Defendant argues, however, that the court's charge failed to follow *Serrano, supra,* in which the Court condemned the charge in that case to the extent that it included no instruction that the jury "should acquit Serrano if they found his status in the car was *only* that of a passenger who was picked up by the driver Cesareo at the intersection described in the testimony." 53 *N.J.* at 359 (emphasis in original). In *Kimbrough, supra,* the court found similarly objectionable a charge based on which "the jury could assume ... that defendants were in possession of the car within contemplation of the statute merely because they were passengers." 109 *N.J.Super.* at 65. We nevertheless conclude that the trial judge in this case sufficiently complied with *Serrano* when he instructed the jury,

> However, I wish to caution you that one's mere presence in an automobile, which is operated by another, without more is not sufficient to establish either the crime of theft or the crime of receiving stolen property. In addition to Alexander's presence, there must exist facts and circumstances wherefrom their existence it is reasonable for you to infer that the defendant Alexander

constructive[ly] possessed the automobile, either as a principal or as an accomplice.

▉▉ Defendant maintains that there was insufficient evidence to prove that he had knowledge that the car was stolen. Although the unexplained possession of recently stolen property is not among the express circumstances set forth in the Code which give rise to a presumption of knowledge, *see N.J.S.A.* 2C:20–7 b, the common law rule, which permits such an inference, may still be invoked in prosecutions under the Code. *See State in the Interest of L.L.A.,* 178 *N.J.Super.* 555, 560–563 (J. & D.R.Ct.1980).[2] *Cf. State v. Richardson,* 208 *N.J.Super.* 399, 405 (App.Div.1986); *State v. Cole,* 204 *N.J.Super.* 618, 628–630 (App.Div.1985). Hence, there was sufficient evidence to sustain the conviction for receiving stolen property.

## D.

Defendant nevertheless contends that the court erred in denying his request to charge the lesser included offense of joyriding contained in *N.J.S.A.* 2C:20–10 b. *N.J.S.A.* 2C:20–10 provides,

a. A person commits a disorderly persons offense if, with purpose to withhold temporarily from the owner, he takes, operates, or exercises control over any means of conveyance without consent of the owner or other person authorized to give consent. 'Means of conveyance' includes but is not limited to motor vehicles, motorcycles, motorbikes, bicycles, boats, horses, vessels, surfboards, rafts, skimobiles, airplanes, trains, trams and trailers. It is an affirmative defense to prosecution under this section that the actor reasonably believed that the owner or any other person authorized to give consent would have consented to the operation had he known of it.

---

2It is true that the Legislature in the Code of Criminal Justice adopted no statutory inference relating to recent possession of stolen property as existed under prior law. *See State v. Bott,* 53 *N.J.* 391 (1969). As a matter of common law an inference of knowledge may nevertheless arise from unexplained possession of recently stolen property, and the term "recent" is a relative concept for the jury's consideration. *See State in the Interest of L.L.A., supra,* 178 *N.J.Super.* at 560–563. *See also State v. Reyes,* 50 *N.J.* 454, 458–459 (1967); *State v. Cole,* 204 *N.J.Super.* 618, 628–630 (App.Div.1985).

b. A person commits a petty disorderly persons offense if he knowingly rides in a vehicle described in subsection a. which at the time he entered he knew or had been informed that it had been taken, or was being operated or controlled in violation of subsection a.

Prior to adoption of the Code joyriding was not a lesser included offense of receiving stolen property; the two crimes had different elements. *State v. Ghaul,* 132 *N.J.Super.* 438, 441 (App.Div.1975). We conclude, however, that *N.J.S.A.* 2C:20–10 b is a lesser included offense to receiving a stolen motor vehicle [3] and that given the recent taking of the car in such close proximity to defendant's home, there was a rational basis in the evidence to conclude that there was a taking, without the owner's consent, with the purpose to withhold it only *temporarily* and that defendant was aware of same. *See N.J.S.A.* 2C:20–10. Given the denial of defendant's request for a charge on the lesser included offense of joyriding, we must conclude that he is entitled to a new trial on the receiving conviction, *see* and *compare State v. Richardson, supra,* 208 *N.J.Super.* at 405–406; *see also State v. Choice,* 98 *N.J.* 295, 299–300 (1985), unless the State elects to request entry of judgment on the lesser included offense in lieu of retrial. *Cf. State v. Washington,* 60 *N.J.* 170, 173 (1972); *State v. Hauser,* 147 *N.J.Super.* 221, 228 (App.Div.1977), certif. den. 75 *N.J.* 27, 28 (1977); *State v. Fungone,* 134 *N.J.Super.* 531, 536 (App.Div. 1975), certif. den. 70 *N.J.* 526 (1976); *N.J.S.A.* 2C:1–1 e; 2C:1–8 d, e.

For the aforementioned reasons the judgment under review is reversed, and the matter is remanded to the Law Division, Union County, for further proceedings in accordance with this opinion.

---

[3] It would also follow that *N.J.S.A.* 2C:20–10 a is a lesser included offense to theft of moveable property, *N.J.S.A.* 2C:20–3, involving a means of conveyance.