PEOPLE v BOTZEN

Docket No. 87625. Submitted March 18, 1986, at Detroit. Decided May 6, 1986.

The Oakland Circuit Court convicted William Botzen on his pleas of guilty to charges of possession of stolen property with a value in excess of $100 and being a third-time felony offender. The circuit court, Robert L. Templin, J., denied defendant's motion to withdraw his guilty pleas and sentenced him to from twenty months to five years in prison. Defendant appealed. *Held:*

1. The record of the plea hearing indicated a sufficient factual basis for defendant's plea of guilty to the charge of possession of stolen property. Defendant admitted that he aided in the possession of a car he knew had been stolen. He was therefore properly convicted of the charge.

2. Defendant admitted that he had prior convictions for circulating a credit card without the cardholder's consent and breaking and entering a motor vehicle with the intent to steal property with a value in excess of $5. Both of these offenses are felonies under the Penal Code. Therefore, defendant was properly convicted on the habitual offender charge.

Affirmed.

CRIMINAL LAW — AIDING AND ABETTING — POSSESSION OF STOLEN PROPERTY.

A defendant who procures, counsels, aids or abets another in the commission of the offense of possession of stolen property with a value in excess of $100 may be prosecuted, indicted, tried and, on conviction, punished as if he had directly committed the offense (MCL 750.535, 767.39; MSA 28.803, 28.979).

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.,* 500-507.

Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere, 41 ALR Fed 874.

Power or duty of state court, which has accepted guilty plea, to set aside such plea on its own initiative prior to sentencing or entry of judgment. 31 ALR4th 504.

Propriety and prejudicial effect of showing, in criminal case, withdrawn guilty plea. 86 ALR2d 326.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*McCarthy & Ristich, P.C.* (by *Michael J. McCarthy*), for defendant on appeal.

Before: R. M. MAHER, P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Defendant pled guilty to charges of possession of stolen property over $100, MCL 750.535; MSA 28.803, and of being a third-time felony offender, MCL 769.11; MSA 28.1083, and was sentenced to serve a prison term of from twenty months to five years. On appeal, defendant argues that his convictions must be reversed because the trial court failed to find a satisfactory basis for defendant's pleas as required by MCR 6.101(F)(3)(a).

Defendant preserved the issue for appeal by filing a motion to withdraw his pleas. MCR 6.101(F)(7)(a). Defendant's motion was denied. The lower court record does not include a transcript of the hearing on defendant's motion to withdraw his guilty pleas, however, we are able to review the issues raised on appeal.

Defendant claims that there was an insufficient factual basis for his plea to possession of stolen property. At the plea proceeding, defendant said that he was a passenger in a car which he knew was stolen. On appeal, defendant claims that merely being a passenger of a car he knows is stolen does not support a conviction under MCL 750.535; MSA 28.803, which provides:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> A person who *buys, receives, possesses, conceals or aids in the concealment of* stolen, embezzled, or controverted money, goods or property knowing the money, goods or property to be stolen, embezzled, or controverted, if the property purchased, received, possessed, or concealed exceeds the value of $100.00 is guilty of a felony . . . . [Emphasis added.]

At the plea proceeding the prosecutor was concerned with setting forth facts establishing defendant's possession of the stolen car:

> *[Prosecutor Slevin]*: [Y]our Honor, as far as—he says that he was a passenger in that motor vehicle. I would ask the Court to ask him did he—was he in possession of that motor vehicle or did he aid and abet in the possession of that vehicle during any course of time.
>
> *The Court:* Well, what exactly was your position? Were you a driver or what?
>
> *Mr. Botzen:* I was on the passenger side in the car, but I knew the car was stolen.
>
> *The Court:* Did you help in any way in the possession of the stolen car?
>
> *Mr. Botzen:* Pardon me?
>
> *The Court:* Did you assist in possessing the stolen car?
>
> *Mr. Botzen:* Yes.
>
> *Mr. Slevin:* We're satisfied, your Honor. Thank you.

We do not believe there is a sufficient factual basis to establish that defendant bought, received, possessed, concealed or aided in the concealment of the stolen car. Under CJI 26:1:03, to possess means to have or hold property under one's control, while knowing the nature of the property. There is no case law to support the argument that the act of being a passenger in a stolen car consti-

tutes possession. Defendant admitted, however, that he aided in the possession of the stolen car. The issue then is whether defendant can be convicted under MCL 750.535 on an aiding and abetting theory. MCL 767.39; MSA 28.979 provides that one who procures, counsels, aids or abets in the commission of the offense may be prosecuted, indicted, tried and, on conviction, punished as if he had directly committed the offense.

The language of MCL 750.535 suggests that the Legislature did not intend for the aiding and abetting theory to apply. If it had so intended, why would the Legislature make it an offense to aid in the concealment of stolen property but not in the buying, receipt or possession of stolen property? The determination of the Legislature's intent behind § 535, however, requires an analysis of the history of the statute. Prior to 1980, the statute made it an offense for one to buy, receive or aid in the concealment of stolen property. The statute was directed towards those who assisted the thief or others in the disposition or concealment of stolen property and excluded the person who committed the larceny. *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978).

In 1979, the statute was amended to include those who possess or conceal stolen property knowing it to be stolen. *People v Hastings,* 422 Mich 267; 373 NW2d 533 (1985). Since we believe it is factually possible for a defendant to aid another in the possession of property, see e.g., *People v Mitchell,* 125 Mich App 475; 336 NW2d 31 (1983) (a defendant can be convicted of possession of a firearm while in the commission of a felony on an aiding and abetting theory), we find no reason why defendant cannot be charged under § 535 as an aider and abettor.

In response to the trial court's questioning in

the instant case, defendant admitted that he aided another in possessing a car which defendant knew to be stolen. While the better practice at a plea proceeding would be the use of nonleading questions, we believe that there was a sufficient factual basis for defendant's guilty plea.

Defendant next argues that there was an insufficient factual basis for his plea to the charge of being a third-time felony offender. MCL 769.11; MSA 28.1083 provides:

> If a person has been convicted of 2 or more *felonies,* attempts to commit *felonies* . . . and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows . . . . [Emphasis added.]

On appeal, defendant argues that since he never stated at the plea proceeding that he had two prior *felony* convictions, there was an insufficient factual basis for the habitual offender plea. We disagree. At the plea proceeding defendant admitted that he had prior convictions for: (1) circulating a credit card without the cardholder's consent, MCL 750.157q; MSA 28.354(16), and (2) breaking and entering a motor vehicle with the intent to steal property over $5, MCL 750.356a; MSA 28.588(1). Both offenses are designated as felonies within the Penal Code. A sufficient factual basis existed for defendant's plea to being a third-time felony offender, despite the fact that the term "felony" was not used at the plea proceeding.

Affirmed.