STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. ALVIN MCCOY, DEFENDANT–RESPONDENT.

Argued February 14, 1989—Decided August 4, 1989.

*Cherrie M. Black,* Deputy Attorney General, argued the cause for appellant (*Donald R. Belsole,* Acting Attorney General of New Jersey, attorney).

*Thomas F. Donlon,* Designated Counsel, argued the cause for respondent (*Alfred A. Slocum,* Public Defender, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

The sole issue on this appeal is whether defendant provided an adequate basis for a plea of guilty of receiving stolen property in violation of *N.J.S.A.* 2C:20–7. The Appellate Division found that the basis was inadequate. Consequently, it reversed defendant's conviction and remanded the matter to the Law Division. 222 *N.J.Super.* 626 (1988). One judge dissent-

ed, and the State appealed as of right.  *R.* 2:2–1.  Although we disagree with the reasoning of the Appellate Division, we affirm the judgment of remand.

–I–

On December 9, 1985, defendant, who had been convicted for three prior criminal offenses, two of which were for the receipt of stolen automobiles, pled guilty to three more offenses involving the theft or burglary of automobiles.  Because of his cooperation with the prosecution on other matters, defendant was placed on probation.  The next day defendant was arrested for the subject offense of receiving a stolen automobile.  Following his indictment, he pled guilty pursuant to a plea agreement.  Thereafter, in providing a factual basis for his plea, defendant described the events of December 10th:

> THE DEFENDANT: I was walking down the street and my friend came around the corner.  Keith Martin came around the corner in the car and he called me over there to him.  So I came to the car.  I was getting ready to enter the car.  I put my hands on the car.  As soon as I put my hands on the car, the cop told me freeze, so I ran.
>
> THE COURT: Okay.  Mr. Sypniewski [defendant's attorney]—excuse me.  Mr. McCoy, did you have any reason to believe that the car was or might be stolen?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Did you think the car was or was likely to be stolen?
>
> THE DEFENDANT: Yes.
>
> THE COURT: He says he wasn't in the car.
>
> [THE ASSISTANT PROSECUTOR]: Were you about to get into the car, Mr. McCoy?
>
> THE DEFENDANT: Yes, I was.
>
> [THE DEFENDANT'S ATTORNEY]: What were you about to get into the car for?
>
> THE DEFENDANT: I was going to ride around in it.
>
> [THE DEFENDANT'S ATTORNEY]: Knowing that the car was stolen?
>
> THE DEFENDANT: Yes.

The trial court ascertained that defendant's plea was knowing and voluntary and that defendant knew and understood his rights.  Before sentencing, defendant moved to withdraw his plea, but the trial court concluded that the plea was supported

by an adequate factual basis. In accordance with the plea agreement, the court sentenced defendant to five-years' imprisonment, with a two-and-one-half year period of parole ineligibility concurrent with three five-year suspended sentences for the previous theft and burglary convictions.

–II–

Defendant appealed his conviction on the grounds that there was an insufficient factual basis to support the plea and that it was not voluntary due to his emotional state at the time of the plea. The Appellate Division found that defendant's emotional condition at the time of the plea did not preclude him from understanding the nature and consequence of his plea. 222 *N.J.Super.* at 629. The court concluded, however, that the facts were insufficient to establish that defendant had "received" the stolen automobile. *Id.* at 631. In reaching this decision, the majority observed that under *N.J.S.A.* 2C:20-7 receipt equates with possession. The court noted further that "possession" is defined as " 'intentional control and dominion.' " *Id.* at 632 (quoting *State v. Labato,* 7 *N.J.* 137, 148 (1951)). Analogizing defendant to an "innocent passenger," *see State v. Kimbrough,* 109 *N.J.Super.* 57 (App.Div.1970), the court concluded that there was no evidence that defendant intended to control the vehicle, or that he and the driver were on a joint or common mission, or that defendant was in a position to assert control or dominion over the driver of the vehicle. 222 *N.J.Super.* at 633. The court held that "where a defendant is merely a passenger in a car which he knows to be stolen but does not possess it because he lacks the necessary dominion and control over the vehicle * * * he may not be convicted of receiving a stolen auto in contravention of *N.J.S.A.* 2C:20-7." *Id.* at 633–34. Because defendant was like an innocent passenger, he was not guilty of receiving stolen property. *Ibid.* The court recognized, however, that defendant's conduct could subject him to a charge of attempted receipt of stolen property. *Id.* at 630.

The dissenting judge stated: "[It] seems to me that defendant is guilty of receiving regardless of whether he happened to be a passenger or the driver, so long as he was knowingly riding in the automobile for his own purpose and was aware that it had been stolen." *Id.* at 634. The dissent observed that *N.J.S.A.* 2C:20–7a defines receiving as "acquiring possession, control or title, or lending on the security of the property," and maintained that a defendant need not "control" stolen property in order to "receive" it. *Ibid.* Accordingly, the dissent stated that as soon as a passenger rides in a vehicle "for his own purpose," knowing it to be stolen, he possesses it. *Id.* at 635. The dissent also believed that in the present case the defendant and the driver were engaged in "a shared criminal mission or purpose" to ride in the automobile for pleasure. *Ibid.* Because defendant intended to derive pleasure from his ride, the dissent found that he "was not only a passenger." *Ibid.*

Defendant was charged under *N.J.S.A.* 2C:20–7a, which provides:

> A person is guilty of theft if he knowingly receives or brings into this State movable property of another knowing that it has been stolen, or believing that it is probably stolen. It is an affirmative defense that the property was received with purpose to restore it to the owner. "Receiving" means acquiring possession, control or title, or lending on the security of the property.

"Possession" is defined in *N.J.S.A.* 2C:2–1c as "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession."

The key elements of the offense are knowing that the property is stolen and possession. When entering his plea, the defendant explicitly stated that he knew the automobile was stolen. Hence, our attention shifts to the question of possession.

In a broad sense, the term "possession" denotes facts pertaining to the relationship between a person and an item of property, as well as the consequences that attach to those facts. *See* O.W. Holmes, "The Common Law," Lecture 6 at 169 (1863).

In that sense, we are concerned with whether the facts pertaining to defendant's relationship to the stolen automobile are sufficient to support the consequence of finding him guilty of its receipt. More specifically, our concern is whether a defendant who knows an automobile to be stolen "receives" the automobile by placing his or her hands on it with the intent to ride around.

■ In defining "possession" before the adoption of the New Jersey Penal Code, we stated that "[i]t has variant connotations; but on well-settled principle the word is to be given a strict construction in statutes defining criminal and penal offenses. It signifies an intentional control and dominion." *Labato, supra*, 7 *N.J.* at 148. We recognized that " '[p]ossession signifies intentional control and dominion, the ability to affect physically and care for the item during a span of time.' " *State v. Brown*, 80 *N.J.* 587, 597 (1979) (quoting *State v. Davis*, 68 *N.J.* 69, 82 (1975)). Intentional control and dominion, in turn, means that the defendant was aware of his or her possession. *State v. DiRienzo*, 53 *N.J.* 360, 370 (1969). In adopting the Penal Code, the drafters stated that the definition of "possession" in *N.J.S.A.* 2C:2-1c was to be "in accord" with our prior definitions as stated in *Labato* and *DiRienzo*. *II New Jersey Penal Code, Final Report of the New Jersey Criminal Law Revision Commission* Commentary at 39-40 (1971).

■ Possession, moreover, can be actual or constructive. Here, for example, the driver was in actual possession of the stolen automobile. As we have previously stated, however, "[p]hysical or manual control of the proscribed item is not required as long as there is an intention to exercise control over it manifested in circumstances where it is reasonable to infer that the capacity to do so exists." *Brown, supra*, 80 *N.J.* at 597. Thus, constructive possession exists when a person intentionally obtains a measure of control or dominion over the stolen goods although they are under the physical control of another. *Kimbrough, supra*, 109 *N.J.Super.* at 64. Finally,

possession may be exercised jointly by two or more persons at the same time. *Brown, supra,* 80 *N.J.* at 597. Consequently, the question in the present case becomes whether defendant's relationship to the car was sufficient to permit a finding that he shared possession with the driver.

Although *N.J.S.A.* 2C:20–7b sets forth the circumstances under which a jury may infer that a defendant knew that the property possessed was stolen, the statute does not establish the circumstances that give rise to an inference of possession. A jury, nonetheless, may draw an inference of possession from all of the surrounding circumstances when it is more likely than not that the proven facts point to the inferred fact of possession. *See Brown, supra,* 80 *N.J.* at 598–99; *DiRienzo, supra,* 53 *N.J.* at 376; *cf. State v. Humphreys,* 54 *N.J.* 406, 413 (1969) (indicating "that the presence of an unlawful weapon in an automobile may often give rise to an inference that the occupants of the car are in possession of the weapon").

A defendant's mere presence in or near a stolen vehicle will not create an inference of possession if there is no other evidence to establish a connection between the defendant and the vehicle. Consequently, an innocent passenger who does not know that the car is stolen does not have sufficient possession to sustain a conviction for receiving stolen property. *State v. Serrano,* 53 *N.J.* 356, 359 (1969). In *Serrano,* the only evidence was that the defendant was a passenger and that he fled from the automobile when stopped by the police. Nothing suggested that the defendant knew the vehicle was stolen. *Id.* at 358, 359–60; *see also Kimbrough, supra,* 109 *N.J.Super.* at 65 (court should have "enlighten[ed] the jury as to the distinction between a passenger and the driver of the car with respect to the meaning of possession necessary to permit the jury to infer guilty knowledge." Otherwise, "the jury could assume therefrom that defendants were in possession of the car * * * merely because they were passengers"). Other jurisdictions have similarly decided that a mere passenger is not in posses-

sion of a car. *See People v. Botzen,* 151 *Mich.App.* 561, 391 *N.W.*2d 410 (1986) (no case law supports argument that the act of being a passenger in a stolen car constitutes possession); *In re Dulaney,* 74 *N.C.App.* 587, 328 *S.E.*2d 904 (1985) (evidence insufficient to show control by juvenile defendant when she discovered while en route to Florida with friends that vehicle was stolen); *State v. Sims,* 10 *Ohio App.*3d 56, 460 *N.E.*2d 672 (1983) (defendant not in possession of stolen auto where he was passenger in vehicle but unaware that vehicle was stolen); *Commonwealth v. Scudder,* 490 *Pa.* 415, 416 *A.*2d 1003 (1980) (no basis for finding that defendant "received" van or stolen goods therein since there was no evidence other than defendant's presence in the car to indicate conscious control or dominion and no evidence from which it could be inferred that defendant knew van or goods were stolen); *Reese v. Commonwealth,* 230 *Va.* 172, 335 *S.E.*2d 266 (1985) (evidence of defendant's mere presence in car not enough to establish possession nor could knowledge that car was stolen be inferred from fact that wires in car had been cut as there was no evidence that defendant had noticed this); *Moehring v. Commonwealth,* 223 *Va.* 564, 290 *S.E.*2d 891, 893 (1982) (where defendant-hitchhiker observed theft of vehicle by another and then accepted a ride in it, there was insufficient evidence to establish that defendant exercised dominion or control over vehicle); *State v. McCaughey,* 14 *Wash.App.* 326, 541 *P.*2d 998 (1975) (defendant did not have actual or constructive possession of stolen property found in car where only evidence was that defendant had access to property and was in close proximity to car); *see also United States v. Vilhotti,* 452 *F.*2d 1186 (2d Cir.1971) (mere presence at garage where stolen goods were stored and no other evidence constituted sufficient evidence to support a finding of actual or constructive possession), *cert. denied sub nom. Maloney v. United States,* 405 *U.S.* 1041, 92 *S.Ct.* 1314, 31 *L.Ed.*2d 582 (1972), and 406 *U.S.* 947, 92 *S.Ct.* 2051, 32 *L.Ed.*2d 335 (1972); *State v. Dittman,* 569 *S.W.*2d 363, 365 (Mo.App.1978) ("[m]ere access or proximity to stolen goods, however, not enough to

infer possession") (citing *State v. Watson*, 350 *S.W.*2d 763 (Mo.1961)).

A defendant's words or conduct, as well as other evidence, may sufficiently substantiate his or her relationship to the stolen property to support an inference of possession. Thus, when police observed the defendant unloading beer from a stolen truck and defendant fled when approached by the police, the evidence was sufficient for the jury to infer that the defendant had the requisite intention and control to be in constructive possession of the truck. *State v. Bozeyowski*, 77 *N.J.Super.* 49, 57–58 (App.Div.1962), *cert. denied*, 374 *U.S.* 851, 83 *S.Ct.* 1916, 10 *L.Ed.*2d 1071 (1963). Similarly, in *State v. Alexander*, 215 *N.J.Super.* 523, 529 (App.Div.1987), the defendant was riding in a stolen vehicle within six hours after its theft, lived in close proximity to the place of the theft, and gave the police false information. This evidence was sufficient for the jury to infer that the defendant constructively possessed the automobile as a principle or an accomplice. *See also United States v. Wolfenbarger*, 426 *F.*2d 992 (6th Cir.1970) (where defendant was apprehended alongside car and held the keys, but told police that someone had given him the keys and had asked him to move the car, there was sufficient evidence for jury to find that defendant had constructive possession of car for purposes of conviction for receiving stolen goods); *People v. Johnson*, 64 *Ill.App.*3d 1018, 21 *Ill.Dec.* 791, 382 *N.E.*2d 85 (1978) (defendant possessed stolen vehicle where he had driven in it as a passenger for three hours but was crouched beneath steering wheel when apprehended and previous driver exited from the passenger side); *State v. Mercadel*, 503 *So.*2d 608 (La.App.1987) (where defendant was apprehended behind raised trunk, was observed holding keys and car's radio speaker, there was sufficient evidence from which a jury could find that defendant had constructive possession of car); *Jordan v. State*, 219 *Md.* 36, 148 *A.*2d 292 (where defendant was found near stolen car using car's floor mat and gave police farfetched explanation for his presence, there was sufficient evidence to

infer that defendant possessed the stolen vehicle to which the mat belonged), *cert. denied,* 361 *U.S.* 849, 80 *S.Ct.* 105, 4 *L.Ed.*2d 87 (1959); *In re Ashby,* 37 *N.C.App.* 436, 246 *S.E.*2d 31 (1978) (defendant-passenger's possession of stolen car could be inferred where he had previously broken into a different car, was found in the car shortly after it had been stolen by his friend, driver of car attempted to evade police, and defendant fled from car once it was stopped by police); *People v. Murphy,* 126 *Misc.*2d 1023, 484 *N.Y.S.*2d 411 (Sup.Ct.1984) (defendant-passenger in possession where he witnessed theft by friend, accepted invitation from him to ride in the car, rode in car for five hours, and got in and out of the auto at various points).

From the foregoing, we conclude that an inference of possession may arise from a passenger's presence in a stolen automobile when that presence is coupled with additional evidence that the passenger knew the driver, knew that the vehicle was stolen, and intended to use the vehicle for his or her own benefit and enjoyment. Those facts could lead a jury to infer that it is more probable than not that the passenger had both the intention and the capacity to control the stolen vehicle. A jury might infer that such a passenger could exert control over the vehicle, an inference that would support a finding of constructive possession. Although a jury might reject the inference in a contested case, the facts would be sufficient to support a plea of guilty to possession of a stolen automobile.

Our analysis differs from that of the Appellate Division majority to the extent that the Appellate Division's opinion can be read as holding that a passenger by merely riding in a vehicle that he or she knows to be stolen cannot secure the necessary dominion and control over the vehicle to possess it. 222 *N.J.Super.* at 633–34. The analysis differs also from that of the dissenting judge, who would find that a defendant's status as a passenger would not merely give rise to an inference, but would constitute conclusive proof of possession.

■ When a defendant is outside the car, proof of his or her possession is more problematic. Here, for example, the defendant was arrested before he entered the stolen automobile. The facts reveal nothing more than that he had placed his hands on the automobile with the intent "to ride around in it," knowing the driver, and knowing that the automobile was stolen. We believe that those facts are insufficient to support an inference that at the time of his arrest defendant could have exercised dominion and control over the automobile. In brief, the evidence was insufficient to support a conviction for receipt of a stolen automobile. Consequently, defendant must be allowed to withdraw his plea. *See State v. Barboza,* 115 *N.J.* 415, 419–20 (1989).

■ At oral argument, however, the State argued that "what we have is enough to show that defendant attempted to possess the car, and given that attempt it's enough to show that he actually is guilty of the substantive offense." Under *N.S. J.A.* 2C:5–1a(3), "attempt" is defined as follows: "A person is guilty of an attempt to commit a crime if" he or she "[p]urposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." We agree with the State to the extent that defendant's conduct constitutes a substantial step in the course of receiving a vehicle knowing it to be stolen. It is less clear whether there is sufficient evidence to support a finding that the defendant had the requisite purpose to receive the stolen automobile. *See State v. Battle,* 209 *N.J.Super.* 255, 259 (App.Div.), certif. denied, 105 *N.J.* 560, and 105 *N.J.* 561 (1986); *New Jersey Penal Code, supra,* commentary at 114. An attempt is purposeful "not only because it is so defined by statute, but because one cannot logically attempt to cause a particular result unless causing that result is one's 'conscious object,' the distinguishing feature of a purposeful mental state. *N.J.S.A.* 2C:2–2(b)(1)." *State v. McAllister,* 211 *N.J.Super.* 355, 362 (App.Div.1986).

We need not, however, determine the sufficiency of the evidence to establish an attempt to receive stolen property. When defendant entered his plea, no one thought he was pleading to the offense of an attempted receipt of stolen property. Consequently, the trial court did not explain that offense to him, and defendant did not plead to it. In that context, we cannot transmute defendant's plea to the receipt of stolen property to one for the attempt to receive that property. *Barboza, supra,* 115 *N.J.* at 422–23. Should defendant elect to plead guilty to either receipt or the attempted receipt of stolen property, the court must establish anew a sufficient factual basis for the offense.

The judgment of the Appellate Division is affirmed, and the matter is remanded to the Law Division to allow defendant to withdraw his plea.

*For affirmance and remandment*—Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*For reversal*—None.