741 A.2d 128 (1999)
326 N.J. Super. 276
STATE of New Jersey, Plaintiff-Respondent,
v.
Alfonso JACKSON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 26, 1999.
Decided December 7, 1999.
Ivelisse Torres, Public Defender, for defendant-appellant (Christopher E. Martin, Designated Counsel, on the brief).
Fred J. Theemling, Jr., Hudson County Prosecutor, for plaintiff-respondent (Howard Bell, Assistant Prosecutor, on the brief).
Before Judges PRESSLER and ARNOLD.
The opinion of the court was delivered by *129 ARNOLD, J.S.C. (temporarily assigned).
Defendant Alfonso Jackson was charged with the following crimes: knowingly or purposely possessing one-half ounce or more cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); knowingly or purposely possessing cocaine with intent to distribute while within 1,000 feet of school property, N.J.S.A. 2C:35-7; and knowingly or purposely possessing cocaine, N.J.S.A. 2C:35-10(a)(1). The cocaine defendant was charged with possessing was seized by the police both from the closed drawer of a dresser in a room where defendant had been sleeping and from the pocket of a pair of pants defendant put on after the police told him to get dressed. Both seizures were comprehended by each count.
Defendant was tried by a jury. At the close of the State's case, defense counsel moved for a judgment of acquittal, R. 3:18-1, arguing that the State's proofs did not, as a matter of law, allow a jury to find defendant guilty of possession of either the cocaine found in the dresser drawer or in the pair of pants. The trial court denied the motion and defendant was convicted of knowingly or purposely possessing cocaine and acquitted on the remaining charges. Defendant was sentenced to an extended term of seven years imprisonment with a two and one-half year period of parole ineligibility.
Defendant raises the following points on appeal:
POINT I
THE TRIAL COURT ERRED BY DENYING JACKSON'S MOTION FOR A JUDGMENT OF ACQUITTAL
POINT II
JACKSON'S CONVICTION SHOULD BE VACATED IN LIGHT OF INEFFECTIVENESS OF COUNSEL
POINT III
THE SENTENCE IMPOSED UPON JACKSON WAS IMPROPER AND EXCESSIVE
We reverse and remand because the State's proofs did not establish a prima facie case of possession of the cocaine found in the dresser drawer in the room where defendant was sleeping, although it did establish a prima facie case as to the cocaine found in the pants pocket. Thus, although the motion for judgment of acquittal was properly denied, the jury should then have been instructed to disregard the evidence respecting the cocaine found in the dresser drawer. On retrial, the State's proofs should be limited to the cocaine found in the pants unless proof of the cocaine in the drawer somehow becomes relevant at retrial.
Briefly, the material facts introduced in evidence in the State's case were as follows. On April 26, 1996, the police executed a search warrant at Apartment # 2-L, 403 Ocean Avenue, Jersey City. Upon entering the apartment, Investigator Aninipot went into a first bedroom and found defendant sleeping on a bed. Defendant was wearing only underwear. Investigator Aninipot found cocaine in a closed dresser drawer in that first bedroom. Defendant was then brought into the kitchen and later instructed to get dressed. In response to that instruction, defendant went into a second bedroom and put on a pair of pants. Earlier, Investigator Aninipot had removed twenty vials of cocaine from those pants. A utility bill found in the apartment identified Anthony Mallard as the person responsible for the utilities. No evidence linking defendant to the apartment was located.
Possession is defined as the exercise of dominion and control over the item in question. State v. McCoy, 116 N.J. 293, 561 A.2d 582 (1989). There must be some substantial evidence tying the defendant to the drugs if possession is to be proved. See State v. Whyte, 265 N.J.Super. 518, 628 A.2d 340 (App.Div.), aff'd o.b., 133 N.J. 481, 628 A.2d 287 (1993). Even in the absence of actual possession, a person may be viewed as being in "possession" of *130 an item through constructive possession. Constructive possession, however, cannot be based on an individual's mere presence at a place where contraband is located. Id. at 523, 628 A.2d 340.
Defendant relies on State v. Milton, 255 N.J.Super. 514, 605 A.2d 757 (App.Div. 1992). In Milton, drugs were found under the mattress of a bed in a room shared by defendant and his brother. Defendant's papers were found in that room. This court held that the presence of drugs under the mattress was insufficient proof to support a finding of possession by defendant when there was no other evidence connecting defendant to the drugs, such as indicia of exclusive occupation of the bedroom. This case could be distinguished factually from the circumstances presented in Milton. In Milton, the defendant was not at home at the time the search warrant was executed. In the present case, however, defendant was sleeping on a bed in the room where the drugs were found in a dresser drawer. In Milton, the court stated that "[a]bsent proof that the defendant had exclusively occupied the bedroom or was present when the drugs were found or within a short time before, a reasonable jury could not, on these facts find beyond a reasonable doubt that defendant was in actual or constructive possession of the drugs found hidden in the room." Id. at 521-22, 605 A.2d 757 (emphasis added). Unlike in Milton, however, here there was no identification evidence found in the apartment connecting defendant with the apartment.
The preeminent case addressing the issue of actual or constructive possession is State v. Brown, 80 N.J. 587, 404 A.2d 1111 (1979). In Brown the defendant was present in his apartment at the time narcotics were found and there existed "other evidential circumstances lending distinctive color to the character of defendant's presence at the scene." Id. at 594, 404 A.2d 1111. The Court in Brown noted that
[W]here ... a defendant is one of several persons found on premises where illicit drugs are discovered, it may not be inferred that he knew of the presence or had control of the drugs unless there are other circumstances or statements of the defendant tending to permit such an inference to be drawn.
[Id. at 593, 404 A.2d 1111 (quoting State v. Sapp, 71 N.J. 476, 366 A.2d 334 (1976), rev'g on dissent below, 144 N.J.Super. 455, 461, 366 A.2d 335 (1975)).]
Defendant contends that the motion for judgment of acquittal should have been granted because no evidence was presented to show that defendant was anything other than an overnight guest. The State counters by claiming that a prima facie case was established because, unlike in Milton, here defendant was present at the time of the search. We agree with the defendant as to the cocaine found in the dresser drawer but not as to the cocaine found in the pants.
Here, the State did not prove nor even contend that defendant resided at the subject apartment, no indicia of identification was found on the premises and none of the vials containing cocaine were tested for fingerprints. "In short, there was nothing in the State's case from which a jury could `readily draw the inference that the occupant of such premises would have knowledge and control of its contents.'" Milton, supra, 255 N.J.Super. at 523, 605 A.2d 757 (quoting Brown, supra, 80 N.J. at 594, 404 A.2d 1111). Therefore, the relief to which defendant was entitled on his motion for judgment of acquittal was the striking of evidence adduced in support of the indictment respecting the cocaine found in the dresser drawer and an instruction to the jury to disregard it.
As to the vials of cocaine found in the pants, however, "other evidential circumstances" exist so as to permit a jury to make an inference that defendant possessed them. After being told to put on clothes, defendant went into another bedroom and, from all the clothing available *131 there, put on the pants in which the cocaine had previously been found. The jury could have certainly inferred from this that the pants were defendant's and that he possessed the cocaine found in the pants.
Because the charge to the jury did not distinguish between the cocaine found in the dresser drawer and the cocaine found in the pants, it is possible that some of the jurors convicted defendant based only on possession of cocaine found in the dresser drawer. Thus the jury's required unanimity was compromised.
Reversed and remanded for retrial on the charge of knowingly or purposely possessing the cocaine found in the pants.